**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 09 C 2002 |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Charles Ross' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Ross' Section 2255 motion.

## BACKGROUND

### I. Procedural Background

On August 8, 2003, Ross and his co-defendant Derek Wilson (along with a third co-defendant, Richard Johnston) robbed a United States Post Office and were subsequently charged with conspiring to commit an offense against the United States, in violation of 18 U.S.C. § 371 (Count I), and with robbing persons having custody of United States property in violation of 18 U.S.C. § 2114(a) (Count II). Ross was also charged with possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count III), and with possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count IV). On January 27, 2005, a jury convicted Ross and Wilson on all counts in which each was charged. On April 28, 2005, the Court sentenced Ross to 108 months' imprisonment.

Ross appealed his conviction to the United States Court of Appeals for the Seventh Circuit raising the following issues: (1) the district court erred when it failed to sever Count IV, felon in possession of ammunition, from the Second Superseding Indictment; (2) the district court erred in denying his motion to sever his trial from his co-defendant, Derek Wilson; (3) the district court erred when it failed to suppress Ross' confession; and (4) the district court erred when it did not order a psychological examination for competency. On December 14, 2007, the Seventh Circuit affirmed Ross' conviction on appeal. *See United States v. Ross*, 510 F.3d 702 (7th Cir. 2007). Subsequently, Ross petitioned for *certiorari*, and on April 28, 2008, the United States Supreme Court denied his petition. *See Ross v. United States*, 128 S.Ct. 2099 (2008). On April 1, 2009, Ross filed the present pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II.     Relevant Facts

Ross' Section 2255 claims center on his contention that the January 12, 2004, search of his apartment by United States Postal Inspectors was done without a search warrant. To clarify, the Court held a status hearing on September 9, 2004, in which the Court discussed the relevant search warrant with Ross. (R. 50-1, Gov't Resp., Ex. A, Hr'g Tr. at 3-6.) At that time, the government informed the Court it had produced a copy of the search warrant to Ross, but that there was no arrest warrant in the matter. (*Id.* at 5.) Although the government produced a copy of the search warrant to Ross, Ross explained to the Court that he wanted to see the original copy of the search warrant. (*Id.* at 3-5.) At no time during the September 9, 2004 hearing did the government admit that there was no search warrant for the January 12, 2004 search of Ross'

apartment as Ross continues to argue.[1]  (*See id*.)  Thereafter, on September 28, 2004, the government produced the original, signed search warrant to Ross that contained the Magistrate Judge's signature, as well as the stamp and signature of the Deputy Clerk of the United States District Court and the affiant's signature.  (*Id.*, Ex. B., Search Warrant & Aff.)

## **LEGAL STANDARD**

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).  A district court will only grant a Section 2255 motion to vacate, set aside or correct a sentence if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  *Hays v. United States,* 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and internal quotations omitted).  A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a

---

[1] Ross argues that although the transcript of the September 9, 2004 hearing does not contain the government's admission that no search warrant existed, he is convinced that the court reporter's tapes of the status hearing would reveal the government's admission and that the absence of the admission in the transcripts establishes "illegal skulldruggery."  On direct appeal, the Seventh Circuit explained Ross' obsession with the search warrant as follows:

> The record reflects that Ross was obsessed with seeing the original search warrant; he complained that the copies of the search warrant presented to him did not "look right" and were unsigned or had illegible signatures; and he misunderstood the difference between a search warrant and an arrest warrant.

*United States v. Ross,* 510 F.3d 702, 712 (7th Cir. 2007).

second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim in his direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006), or a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because claims of constitutionally ineffective assistance of counsel usually involve evidence outside the record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Torzala v. United States,* 545 F.3d 517, 524 (7th Cir. 2008).

## ANALYSIS

Construing Ross' pro se Section 2255 motion liberally, *see Dale v. Poston,* 548 F.3d 563, 568 (7th Cir. 2008), he brings the following claims: (1) the January 12, 2004 search of his home by United States Postal Inspectors was warrantless, and thus illegal; (2) introduction of the evidence obtained pursuant to the Postal Inspector's illegal search deprived him of a fair trial; (3) appellate counsel provided constitutionally ineffective assistance of counsel; and (4) the district court should have recused itself from the matter.

**I.      Fourth Amendment Claims**

In his first two Section 2255 claims, Ross argues that the Postal Inspectors' search of his apartment was warrantless, and thus illegal, and that the introduction of evidence obtain during

4

the searched deprived him of a fair trial in violation of his rights under the Fourth Amendment's prohibition against illegal searches and seizures.  *See, e.g., United States v. Sims,* 553 F.3d 580, 581-82 (7th Cir. 2009); *United States v. Budd,* 549 F.3d 1140, 1144 (7th Cir. 2009).  Before trial, Ross filed a motion to suppress statements and evidence obtained during the search of his apartment.  Ross specifically argued that the residential search warrant at issue was facially invalid because it lacked probable cause and that the copies of the warrant, application, and affidavit produced to him during discovery did not contain original signatures of the issuing Magistrate Judge and affiant agent.  The Court held a suppression hearing on January 18, 2005 and January 20, 2005, after which the Court denied Ross' motion to suppress the statements and evidence obtained during the search of his apartment.

In response to Ross' Section 2255 motion, the government relies upon *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which holds that when a "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at the trial."  *See id.* at 482.  As the Seventh Circuit explains, "a violation of the Fourth Amendment cannot be a ground for habeas corpus (or for its equivalent for federal prisoners [] the grant of a section 2255 motion) unless the defendant could not have presented a Fourth Amendment defense at trial."  *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004).  Here, Ross had the opportunity to present his Fourth Amendment claims in the district court during his criminal proceedings, therefore, these claims are not cognizable on collateral review under Section 2255.  *See id.*  Because these claims are not cognizable on collateral review, the Court denies Ross' Fourth

Amendment claims.

## II.     Ineffective Assistance of Appellate Counsel

Next, Ross brings an ineffective assistance of appellate counsel claim. To establish ineffective assistance of counsel, Ross must show (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Ross fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also Amerson v. Farrey,* 492 F.3d 848, 851 (7th Cir. 2007). Meanwhile, "because counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness." *United States v. Hatten-Lubick,* 525 F.3d 575, 579 (7th Cir. 2008); *see also United States v. Recendiz,* 557 F.3d 511, 531 (7th Cir. 2009) (there is a "strong presumption that the attorney performed effectively").

Under the *Strickland* prejudice prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel did raise on appeal. *See Suggs v. United States,* 513 F.3d 675, 678 (7th Cir. 2008); *Sanders v. Cotton,* 398 F.3d 572, 585 (7th Cir. 2005). Thus, in determining whether Ross has established the *Strickland* performance prong, the Court must examine the record to see whether his appellate attorney omitted "significant and obvious" issues on appeal. *See Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008). To establish the *Strickland* prejudice prong, Ross must show that there is a reasonable probability that but for his appellate counsel's

deficient performance, the result of the appeal would have been different. *See Suggs,* 513 F.3d at 678; *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003).

Here, Ross maintains that his appellate counsel was ineffective because counsel failed to appeal the Postal Inspectors' warrantless search of his apartment and the attendant evidence admitted at trial. Ross' argument, however, is based on his erroneous contention that the January 12, 2004 search of his apartment was warrantless. As the Seventh Circuit has made clear, appellate attorneys do not have to present losing arguments to provide constitutionally effective assistance of counsel under the Sixth Amendment. *See Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001). Meanwhile, Ross' appellate counsel brought four issues on appeal, including: (1) the district court erred when it failed to sever Count IV, felon in possession of ammunition, from the Second Superseding Indictment; (2) the district court erred in denying his motion to sever his trial from his co-defendant, Derek Wilson; (3) the district court erred when it failed to suppress Ross' confession; and (4) the district court erred when it did not order an psychological examination for competency. Ross fails to explain how his warrantless search argument – that has no factual basis – is clearly stronger than the claims counsel did raise on appeal. *See Suggs,* 513 F.3d at 678. Because Ross has failed to establish that his appellate counsel's performance was deficient, the Court need not decide the prejudice prong under *Strickland*. *See Amerson*, 492 F.3d at 851. The Court thus denies Ross' ineffective assistance of appellate counsel claim.

## III.    Judicial Bias

Ross further argues that once the Court denied his suppression motion concerning the search of his apartment on January 12, 2004, the Court should have recused itself based on the Court's bias and prejudice against Ross pursuant to 28 U.S.C. §§ 144, 455(a), 455(b). During

7

the district court proceedings, however, Ross never filed a motion with the Court seeking recusal based on the Court's bias or prejudice, and thus Ross' argument that the Court should have recused itself that he made for the first time in the instant Section 2255 motion is waived. *See United States v. Morgan,* 384 F.3d 439, 444 (7th Cir. 2004). Moreover, the fact that the Court denied Ross' motion to suppress is an insufficient basis to establish judicial bias. *See Collins v. Illinois,* 554 F.3d 693, 697 (7th Cir. 2009) ("judicial rulings rarely present a valid basis for a recusal motion"); *In re Goland,* 239 F.3d 931, 938 (7th Cir. 2001) ("we will not find bias merely because a party loses on the merits."). In short, Ross' argument based on the Court's pre-trial ruling is insufficient to establish judicial bias.

Meanwhile, Ross does not argue that he was denied his due process right to an impartial judge. *See In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). As the United States Supreme Court teaches, "the floor established by the Due Process Clause clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley* 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (internal citations omitted). "The general presumption is that judges are honest, upright individuals and thus that they rise above biasing influences." *Franklin v. McCaughtry,* 398 F.3d 955, 959 (7th Cir. 2005); *see also Bracy,* 520 U.S. at 909 ("we presume that public officials have properly discharged their official duties). This presumption is rebuttable – but to prove such bias – Ross must show "a possible temptation so severe that we might presume an actual, substantial incentive to be biased." *Franklin,* 398 F.3d at 960 (citation omitted). Here, Ross has failed to present any arguments or a factual basis – because there are none – that the Court was actually

8

biased or that there was a substantial incentive for the Court to be biased under this standard. *See id.* The Court thus denies Ross' judicial bias claim.

**IV.     Reply Brief**

Finally, Ross' argument that his trial counsel provided ineffective assistance of counsel that he made for the first time in his reply brief is waived. *See Porco v. Trustees of Ind. Univ.,* 453 F.3d 390, 395 (7th Cir. 2006) (even when litigant is pro se, arguments made for the first time in reply brief are waived). Similarly, Ross' additional arguments pertaining to his appellate counsel's alleged ineffective assistance of counsel raised for the first time in his reply brief are also waived. *Id.*; *see also Gonzales v. Mize,* 565 F.3d 373, 382 (7th Cir. 2009).

## CONCLUSION

For these reasons, the Court denies Charles Ross' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Dated:** June 5, 2009

                                          **ENTERED**

                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**